MACK LEWIS, MONTE LEWIS AND EDWARD S. LEWIS, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 8, 1927.

Petition for Rehearing Denied March 25, 1927.

1. The evidence showed that robbery was committed at the time of and as incident to the homicide and it was therefore not reversible error for the Court to define the crime of robbery to the jury.

2. Judgment affirmed on authority of opinion in the case of Pope v. State, 84 Fla. 428, 94 Sou. 865.

A Writ of Error to the Circuit Court for Lake County; J. C. B. Koonce, Judge.

Affirmed.

*Gaines & Futch*, for Plaintiffs in Error;

*J. B. Johnson*, Attorney General, and *Roy Campbell*, Assistant Attorney General, for Defendant in Error.

PER CURIAM.—In this case the three plaintiffs in error, together with one Leuie Finley were indicted for murder in the first degree, Mack Lewis being charged as principal in the first degree and the other three being charged as principals in the second degree. Severance was had as to Leuie Finley. The other three accused were tried with the result of Mack Lewis being convicted of murder in the first degree with recommendation to mercy, Montie Lewis being convicted of murder in the second degree and Edward S. Lewis being convicted of murder in the third degree, from which judgments of conviction the matter was brought to this Court on writ of error.

There were two assignments of error; the first is that the Court erred in charging the jury in regard to the crime of robbery, and the second is that the Court erred in denying defendant's motion for new trial.

Murder is defined under our statute law as follows:

"The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or ,when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary shall be murder in the first degree, and shall be punishable with death. When perpetrated by any act imminently dangerous, to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall be murder in the second degree, and shall be punished by imprisonment in the State prison for life. When perpetrated without any design to effect death, by a person engaged in the commission of any felony, other than arson, rape, robbery or burglary, it shall be murder in the third degree and shall be punished by imprisonment in the State prison not exceeding. twenty years.''

The evidence showed that robbery was committed at the time of and as incident to the homicide and it was therefore not reversible error for the Court to define the crime of robbery to the jury. The evidence, when construed in the light of the opinion in the case of Pope v. State, 84 Fla. 428, 94 Sou. 865, is found sufficient to support the verdict rendered and the judgment is therefore affirmed.

ELLIS, C. J., AND WHITFIELD AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., dissent in part.

TERRELL, J., not participating.

BROWN, J. (dissenting in part) :

The evidence in this case for the State shows an unusually cold-blooded and unprovoked murder, in which the defendant Mack Lewis took the principal part, his brother, Edward S. Lewis, being present at the time. I think that the judgment of conviction, in so far as the same affects the defendants Mack Lewis and Edward S. Lewis, should be affirmed, but in my opinion the evidence is insufficient to sustain the conviction of Montie Lewis of the offense of murder in the second degree, and that as to him the judgment should be reversed. When these three brothers, Mack, Edward and Montie, and one Finley, to whom a severance was granted, overtook the two negroes, Mack Lewis ordered the negroes to stop and get out of their automobile, using very profane and violent language toward them. He then ordered Montie Lewis and Louie Finley to take the Ford automobile in which the negroes had been riding and which belonged to one of them, and drive away with it, which they proceeded to do, carrying it several miles away and hiding it in the woods. After Montie Lewis and Finley had left with the negro's automobile, Mack Lewis, his brother Edward being present, took the two negroes in his car and drove off with them in another dircetion for some two miles, and after driving out from the road into the woods, he shot one of the negroes (the owner of the automobile which had been taken) with his rifle and killed him, and would probably have killed the other had he not run away and escaped.

So it cannot be said that this man was killed in the perpetration of, or attempt to perpetrate, robbery. The robbery had already been committed. There was certainly no necessity to kill this apparently unarmed and defenseless man, or his companion, in order to rob them of their automobile.

They had offered no resistance whatever. There was no evidence of any previous express understanding between these three defendants to either kill or rob, but as all three were present at the time of the taking of the automobile, the jury might infer from their actions that there had been some previous conspiracy to rob these negroes of their car. In the absence of any evidence as to any previous understanding or conspiracy to perpetrate the homicide, and the robbery having already been committed some little time before the homicide, and as Montie Lewis was not present either actually or constructively at the time of the killing, I do not consider the evidence sufficient to warrant his conviction of murder in the second degree. There was a strange inconsistency in the verdict of the jury in finding Edward S. Lewis, who was present at the time of the killing, guilty of murder in the third degree, and in finding Montie Lewis, who was some distance away at the time, guilty of murder in the second degree.

The principle laid down in Pope v. The State, referred to in the majority opinion, does not, to my mind, warrant such a verdict. The rule is stated as follows: "While a principal in a murder trial must either have actually committed the felonious act or else have been present aiding and abetting his partner in the crime, the presence of the aider and abetter need not have been actual, but it is sufficient if he was constructively present, provided the aider, pursuant to a previous understanding, is sufficiently near and so situated as to abet or encourage, or to render assistance to, the actual perpetrator in committing the felonious act or in escaping after its commission." See also Bishop on Criminal Law, 9th Ed., Vol. 2, Secs. 649-653, and 16 C. J. 129-133.

STRUM, J., concurs.