LILES, Acting Chief Judge.
This appeal is brought by the state in a criminal case wherein the trial court granted the defendant’s motion for a new trial.
The defendant, Willie Cleveland Barnes, was charged with the crime of murder in the second degree. The homicide arose out of an altercation between defendant and one Solomon Fort. Defendant was arguing with Fort who was sitting in an automobile at the time. During the course of the argument, defendant struck Fort on the head with a pistol which discharged and killed Charles Green, who was sitting next to Fort in the automobile.
At the conclusion of the trial, the judge instructed the jury on second degree murder as well as the lesser degrees, including third degree murder and manslaughter, as provided by § 919.14, Fla.Stats., F.S.A. The lower court’s charge on third degree murder read as follows:
“Gentlemen, you will note that the Statute on murder in the third degree states, ‘When perpetrated without any design to effect death by a person engaged in the commission of a felony other than those stated.’ The court will instruct you that the crime of aggravated assault, under the laws of the State of Florida, is a felony, and will further instruct you that you may not find the defendant guilty of the crime of aggravated assault, as the defendant has not been so charged, and it is not a lesser included offense of the stated charge. But, after telling you what aggravated assault is, if you find that in your opinion the crime of aggravated assault was committed by the defendant, you may then consider murder in the third degree. An aggravated assault is an assault with a deadly weapon, without intent to kill the person assaulted. The gist of the crime of aggravated assault consists in the character of the weapon and the crime may be committed without either a battery or a wounding. That requires me to define for you what an assault is, and what a deadly weapon is, because it states it is an assault with a deadly weapon. Assault is an unlawful offer or attempt to injure another with apparent present ability to effectuate such attempt under circumstances creating fear of imminent peril. A deadly weapon is any weapon which will cause death or great bodily injury when used in the ordinary and usual manner contemplated by its design and construction. A weapon may be deadly, although not especially designated for offensive or defensive purposes, or the destruction of life, or the infliction of injury.”
Counsel for the defendant objected to this instruction, and during its deliberation the jury returned for further instruction on third degree murder. The lower court again gave its instruction on third degree murder and aggravated assault, and again the defendant objected. After due deliberation the jury found the defendant guilty of murder in the third degree.
The instruction, in addition to being confusing, was to the effect that to find the defendant guilty of third degree murder the jury must first find he had committed aggravated assault, i. e., assault with a deadly weapon. It tended to further confuse when the court said, “If you find that in your opinion the crime of aggravated assault was committed by the defendant, then you may consider murder in the third degree.”
*262 The lower court' felt that it "in effect charged defendant with the felony of aggravated assault after both sides had rested, and defendant was therefore precluded from defending against such charge, said charge not being a lesser' charge to the stated offense of murder in the second degree.” The court apparently felt that it erred in instructing the jury on the felony of aggravated assault and therefore granted defendant’s motion for a new trial.
 There is no doubt that one who is charged with an offense divided into degrees is entitled to have the jury charged as to the degrees of that offense. § 919.14, Fla. Stats., F.S.A. This seems to be true even if there is no evidence presented as to the lesser degrees of the crime. See Killen v. State, Fla.1957, 92 So.2d 825. In the instant case the trial court properly instructed the jury as to third degree murder and manslaughter, both being lesser offenses included in the crime of second degree murder. The problem which apparently troubled the lower court was how far to go in charging the jury as to murder in the third degree. It was aware that the statutory definition, i. e., the unlawful killing of a human being when perpetrated without any design to effect death by a person engaged in the commission of a felony other than those listed in the definition of first degree murder, § 782.04, Fla.Stats., F.S.A. would be of little help to the jury. They could not be expected to know what other felonies were contemplated by the statute. The questions that must be answered, therefore, are whether a trial judge, in charging the jury on third degree murder, should instruct on the felonies contemplated by the statutory definition; and if so, what felonies should be defined ?
In Lewis v. State, 1927, 93 Fla. 207, 111 So. 628, three defendants were charged with first degree murder. One was convicted of first degree, one of second degree and one of third degree. The lower court had instructed the jury on the crime of robbery in its charge on murder in the first degree, and this was assigned as error. The court, in affirming the convictions, stated, “The evidence showed that robbery was committed at the time of and as incident to the homicide, and it was therefore not reversible error for the court to define the crime of robbery to the jury. * * * ”
In Schneider v. State, Fla. 1963, 152 So.2d 731, the defendant was also charged with first degree' murder. Decedent had been killed and his automobile stolen. Defendant contended that too much emphasis was placed on attempted robbery as an element of the homicide and too little on other crimes, such as larceny, which would have removed the case from the category of first degree murder. The court stated:
“We are unable to follow appellant’s argument that the court was obligated to define to the jury the offense of larceny or ‘other enumerated offenses which could, under the facts of the case, constitute lesser offenses.’ The record does not reveal any request for definitions of lesser offenses and the statute, Sec. 782.04, Florida Statutes 1961, F.S.A., does not enumerate any crimes during the commission of which a homicide shall constitute murder in the first degree except arson, rape, robbery, burglary, crime against nature and kidnaping. Homicide when committed by one engaged in any other felony is murder in the third degree, but we will not explore every facet of the facts we have recounted to determine whether or not some element of some felony other than the ones detailed was present, and we think there was no occasion for the trial judge to do so.
“The appellant mentions only one of these other offenses, larceny, but it is obvious to us that if, when appellant dispatched Hendry, he intended to take his car he was attempting to commit robbery, not larceny.”
These cases indicate that where the commission of felony is necessary to *263 the definition of a degree of homicide, the defendant is entitled to have the jury instructed only as to those felonies supported by the evidence. In other words, the trial court in giving his charge would not be required to instruct on every conceivable felony, but only as to those supported by the evidence. We recognize, of course, that under the construction given § 919.14, Fla. Stats., F.S.A., a defendant is entitled to instruction on all lesser included offenses regardless of whether any evidence is presented as to those offenses. Thus, for example, in a case where a defendant is charged with first or second degree murder and no evidence is presented upon which a conviction of third degree murder could be based, the trial judge, in charging the jury as to the lesser degrees as required by § 919.14, Fla.Stats., F.S.A., need only give the statutory definition of third degree murder. If, however, facts are presented which would sustain a conviction of third degree murder, then the trial judge should when requested instruct the jury as to those other felonies supported by the evidence and contemplated in the statutory definition of murder in the third degree.
In the instant case there was evidence upon which the jury could find defendant killed Green while committing the felony of aggravated assault. This was the only felony supported by the evidence, and the lower court did not err in charging the jury as to aggravated assault as a part of its definition of murder in the third degree.
In its order for a new trial, the Court further stated that the defendant’s rights had been violated by the manner of giving the instruction on third degree murder. The court conceived the idea of defining aggravated assault as a felony in its instruction on third degree murder. This, so the court stated, precluded the defendant from defending against that theory. In addition, the instruction was confusing. In the light of these latter circumstances, the court did not abuse its discretion by granting a new trial. See State v. Strickland, Fla.App.1965, 172 So.2d 260.
Affirmed.
SMITH, SHERMAN N., Jr., and PHILLIPS, CHARLES M., Jr., Associate Judges, concur.