426 So.2d 1178 (1983)
Richard Allen LUNSFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 82-69.
District Court of Appeal of Florida, Fifth District.
February 9, 1983.
James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Richard Allen Lunsford, was convicted of robbery with a weapon of a convenience store in St. Cloud. The cashier of the store identified him, both at pretrial proceedings and at trial, as the culprit. His defense was alibi: he and two friends placed him elsewhere at the time of the robbery. The fact that the robbery occurred, and was completed, was uncontroverted.
At the jury charge conference, the defense attorney requested an instruction on attempted robbery. The trial court refused to give this instruction, and the defendant objected. At the charge conference, the following exchange took place:

*1179 MR. WOLFE (Defense Attorney): I would request an instruction on petit theft, request an instruction on attempt.
THE COURT: Why so on attempt? I mean the proof shows unequivocally that the robbery was committed and the money was taken, you know, by force, threat or putting in fear. That's the legal phrase for it. The robbery was complete.
MR. WOLFE: I would suggest it would leave room for a possible jury pardon on attempt.
THE COURT: That much slack has not been left. The attempt must be supported by the evidence. There must be some issue as to whether the crime was completed or merely attempted, and in this case the evidence unequivocally shows the crime was committed, so I will deny the attempt.
MR. WOLFE: For the sake of the record, I will object to the denial of the attempt.
In the jury charge, the judge included the lesser offenses of: robbery without a weapon; aggravated assault; grand theft; assault and petit theft. The appellant urges that the trial court's refusal to charge on attempt was reversible error.
Florida Rule of Criminal Procedure 3.510 eliminates the need to give a requested lesser offense instruction when there is a total lack of evidence of the lesser offense. See: In the Matter of the Use of the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, Nos. 56,734 and 58,799 (Fla. Apr. 16, 1981) [6 FLW 305].
Rule 3.510 reads as follows:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense. (Emphasis added.)
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
This rule, as modified, became effective on October 1, 1981.[1]In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981). The court in the instant case clearly held that there was no evidence showing an attempted robbery, and that the evidence pointed only to the completed offense. The trial in the instant case was held on November 30 and December 1, 1981, after the effective date of the modified Rule 3.510; therefore, this rule governs. See: Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1982); Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981). The trial court was correct in not giving the instruction on attempted robbery, as all the evidence concerns only the completed offense, with no evidence showing an attempt.
The appellant's remaining contention  that the information failed to allege the intent to permanently deprive  is without merit in view of the recent decision of the Florida Supreme Court in State v. Dunmann (Fla. 1983), 427 So.2d 166.
AFFIRMED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] The prior rule read as follows:

Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the defense charged. The court shall charge the jury in this regard.