445 So.2d 707 (1984)
Rickie Lee HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2224.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
*708 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was charged and convicted of armed robbery and sentenced to fifteen years in prison.
The robbery occurred at a convenience store when appellant entered and demanded the money in the cash register. When the clerk responded: "You got to be kidding," appellant advised her he was not kidding and he pushed the button on the register, opened it, and took over $100. When arrested forty-five minutes later, he had only some change in his possession.
At trial appellant requested the jury be instructed on attempted robbery. However, the trial court instructed on lesser included offenses, but refused the attempt instruction because there was no evidence to support the mere attempt; rather the evidence supported the completed crime of robbery.
Appellant contends it was error not to charge on attempted robbery under several theories that we have considered and reject.
A more serious question raised by appellant is that the court was required to instruct on attempts even though in the judge's opinion the facts establish guilt of the crime charged rather than the attempt. For this position appellant relies upon State v. Bruns, 429 So.2d 307 (Fla. 1983).
The old rule requiring an instruction on attempts was set forth initially in the oft cited case of Brown v. State, 206 So.2d 377 (Fla. 1968). Since that time both the Florida Rules of Criminal Procedure and the Florida Criminal Standard Jury Instructions pertaining to this question have been changed. The criminal procedure rule applicable to this case, Florida Rule of Criminal Procedure 3.510(a), states:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
Thus, it appears the rule prohibits an attempt instruction on a criminal episode that has reached fruition.
The Florida Standard Jury Instructions in Criminal Cases (1981 Edition) contains a schedule of lesser included offenses. In the robbery portion thereof attempts are placed in the new category two, which requires instructions only where the pleading and proof coincide. Fla.Std. Jury Instr. (Crim), p. 266.
We hold, therefore, that Rule 3.510 controls the question at hand and precludes instructions on attempts where the only evidence proves a completed offense. While conceding the Bruns reference to Brown v. State, supra, causes some concern, we would dispose of that problem by *709 suggesting that the reference to Brown, taken in context, is simply a restatement of what the Brown court had held in 1968. The reference was not meant to overrule the provisions of Rule 3.510 or the new Standard Jury Instruction.
Accordingly, we affirm the judgment appealed from.
AFFIRMED.
LETTS and HERSEY, JJ., concur.