492 So.2d 1124 (1986)
Daniel JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2024.
District Court of Appeal of Florida, Third District.
August 5, 1986.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jacki B. Geartner, Asst. Atty. Gen., for appellee.
*1125 Before BARKDULL, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Appellant's point on appeal, as may be stated otherwise, is that he should be acquitted because the jury found him guilty of an attempt to commit a burglary whereas the proof showed that he had clearly completed the offense.
Central to the technical argument is Florida Rule of Criminal Procedure 3.510(a) which provides:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
The evidence shows that in the early morning of March 6, 1984, a burglar alarm investigator responded to an alarm at the Whitecraft Industries warehouse building in Miami, Florida and found the inside burglar alarm monitor ringing, as well as evidence of an unauthorized entry. He went outside, relocked the doors, and waited for police officers to arrive. Within minutes, the officers arrived and sent a police dog inside the premises. The dog alerted to the defendant's presence, and the defendant was apprehended in hiding.
A subsequent investigation of the building revealed that a large amount of office equipment had been removed from its usual place and stacked near the door, some of it in cardboard boxes, as if in preparation for transporting to another place. Defendant's fingerprints were found on the equipment and the containers.
Although the defendant presented no evidence at trial, his attorney argued to the jury, both in opening and closing, that the defendant had gone to the Whitecraft warehouse earlier in the day in an intoxicated state seeking employment; that he had fallen asleep in the building and set off the alarm attempting to leave after the building was locked; and that he had no intent to commit any offense while in the building.
At the conclusion of all the evidence the trial court gave the following instruction, which was objected to by the defendant and which gives rise to this appeal:
Before you can find the defendant guilty of an attempt to commit burglary, the State must prove the following two elements beyond a reasonable doubt: One. Daniel Jones did some act towards committing the crime of burglary that went beyond just thinking or talking about it. Two. He would have committed the crime except that someone prevented him from committing the crime of burglary or he failed.
Defendant contends here that the proof showed that he entered a structure with the intent to commit an offense therein at a time when the premises were not open to the public and he was not authorized to be there, which satisfies all the statutory elements of a completed burglary offense. The trial court's justification for the attempt instruction was that there was evidence that the defendant was prevented or failed in depriving the owner of possession of its property. Defendant's correct counter is that a theft of the property was not required to complete the burglary offense.
The defendant entered a plea of not guilty, demanded a trial by jury and defended against the charge of burglary. In overruling the defendant's objection to the attempt instruction, the trial court made an assessment of the evidence and concluded that a jury question was presented on the issue of whether a completed burglary offense had been committed. It is asserted here as grounds for a new trial, in a reverse of the usual argument, that it was error not to rule as a matter of law that a completed burglary was proved and therefore error to submit the lesser offense of attempted burglary to the jury. Further, the defendant contends that at a new trial *1126 he can be tried for neither burglary nor attempted burglary, only a trespass.
Whether Rule 3.510(a) creates a right to not have a jury instructed on an attempt as the lesser offense of the charged offense where the evidence shows that the offense was completed is the threshold question. We hold that it does not. Indeed the rule is construed by the supreme court not as creating any new rights, but simply as a tool to streamline a trial by eliminating the need to instruct as to a lesser offense "when there is a total lack of evidence of the lesser offense." In re Use by the Trial Courts of the Standard Jury Instructions In Criminal Cases, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981). Rule 3.510(a) does not require or even permit the trial court to invade the province of the jury. Id. Thus a trial court's determination that the attempt instruction should be given to the jury because there is not a total lack of evidence of the lesser offense, even if a reviewing court disagrees, does not, without more, constitute reversible error.
Defendant raises the possibility that the jury found the evidence sufficient to convict of the charged offense but exercised its power of pardon, Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA), aff'd, 340 So.2d 928 (Fla. 1976), to return a verdict of guilty on the lesser offense. Having raised the possibility, defendant then undercuts it with the suggestion that Rule 3.510(a) effectively abrogates the pardon power. No authority is cited or is to be found in the case law, or in notes to the rule, that the rule was intended to overturn the substantive law of jury pardon.
In reviewing an appeal from the giving of an instruction on an attempt to commit an offense, where an attempt to commit the charged offense is a lesser offense, the inquiry should be whether, in light of all the circumstances, the instruction was so confusing as to prejudice the defendant. See Cooper v. State, 448 So.2d 6 (Fla. 3d DCA) (Ferguson, J., concurring), rev. dismissed, 450 So.2d 485 (Fla. 1984). Even if we agreed that an attempt instruction was unnecessary on the facts of this case, the record does not reflect, nor does the defendant contend, that the instruction confused or misled the jury. Cf. Colon v. State, 430 So.2d 965 (Fla. 2d DCA 1983) (trial court reversibly erred in instructing jury on definition of excusable homicide by listing three criteria of applicable statute in conjunctive rather than disjunctive); Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983) (instruction on excusable homicide reversibly erroneous where jury could have reached improper conclusion that, having killed victim with shotgun, excusable homicide defense was not available to defendant); Barnes v. State, 348 So.2d 599 (Fla. 4th DCA 1977) (in second degree murder prosecution, giving manslaughter instruction leading to confusion on part of jury as to whether justifiable homicide was included in manslaughter definition constituted reversible error).
An accused who is convicted of an attempt as the lesser of a charged offense will not be heard to complain that he should be set free merely because the evidence shows that he was guilty of the greater offense.
Affirmed.
HUBBART, Judge (concurring in part; dissenting in part)
I agree that the defendant's conviction for petit theft should be affirmed, as no point on appeal is raised concerning this conviction. I respectfully dissent, however, from the court's decision to affirm the defendant's conviction for attempted burglary. As to the latter, I would reverse the attempted burglary conviction and remand the cause to the trial court for a new trial on the lesser offense of trespass because, in my view, the trial court committed reversible error in instructing the jury, over objection, on the offense of attempted burglary. This is so because (a) there was utterly no evidence to support such a charge at trial and the only evidence presented to the jury proved a completed burglary; (b) Fla.R.Crim.P. 3.510(a) specifically prohibits a jury instruction for a criminal *1127 attempt under these circumstances; and (c) the defendant was convicted of attempted burglary based on this improper jury charge, and, accordingly, stands convicted of an offense which is not a proper lesser offense within the main charge.

I

A
Rule 3.510(a) of the Florida Rules of Criminal Procedure states the governing law on when a jury charge may be given in a criminal case on the lesser offense of an attempt to commit the crime for which the defendant is charged, to wit:
"Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense."
In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981) (emphasis added). The underscored provisions of the above rule represent the October 1, 1981 amendments to the said rule.

1
The above rule as amended  applicable when this trial was conducted  represents a significant change over the predecessor Rule 3.510 which had been in effect as a rule since 1968[1] and, prior to that, as a statute since 1939. See § 919.16, Fla. Stat. (1939-1967) (since repealed). Rule 3.510 of the Florida Rules of Criminal Procedure  prior to the October 1, 1981 amendments thereto  provided as follows:
"Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense... . The court shall charge the jury in this regard."
Under the predecessor rule, the trial court was required to instruct the jury on an attempt to commit the crime charged "even though, in the opinion of the trial judge, the proofs establish guilt of the crime charged rather than a mere attempt to commit it." Brown v. State, 206 So.2d 377, 381 (Fla. 1968). Stated differently, a charge on a criminal attempt was absolutely required even where there was no evidence of an attempt and the only evidence adduced established a completed offense. Silvestri v. State, 332 So.2d 351, 353 (Fla. 4th DCA), aff'd, 340 So.2d 928 (Fla. 1976); Bracy v. State, 299 So.2d 126 (Fla. 4th DCA 1974). The predecessor rule, as interpreted by Brown v. State, supra, caused considerable dissatisfaction among certain segments of the bench and bar, as it was felt in some quarters that there should be no charge on a lesser offense of attempt  or, indeed, on any lesser offense  where there was no evidence presented at trial to support such lesser offense. Moreover, there was considerable confusion as to what constituted a lesser offense in a wide range of cases. Accordingly, on May 31, 1977, the Florida Supreme Court requested the Supreme Court Committee on Standard Jury Instructions in Criminal Cases to review the entire procedure for lesser included offenses, recommend any desired rule changes on the subject, and establish a schedule of lesser included offenses for each criminal offense.
On February 15, 1980, the Committee recommended that the then-existing four categories of lesser offenses  established by former Rules 3.490 and 3.510 of the Florida Rules of Criminal Procedure as interpreted in Brown v. State, supra  should be consolidated into two categories:
"1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may be or may not be included in the offense charged, depending *1128 on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses."
Florida Standard Jury Instructions in Criminal Cases, Comment on Schedule of Lesser Included Offenses, at 257 (1981). A comprehensive schedule of lesser included offenses for every crime in Florida was also recommended. Attempts were uniformly listed in this schedule as a category 2 lesser offense for every crime except for those crimes, not relevant here, which by definition included an attempt to commit the said crime. The schedule listed attempted burglary as a category 2 lesser offense of the charged offense of burglary. In this context, however, the Committee cautioned that "in many instances it would be very unlikely that the facts would demonstrate an attempt to commit that particular crime." Id. at 257a. Stated differently, it would be, in the Committee's view, a very unusual case where an attempt instruction would ever lie, because the evidence in most cases would show a completed offense and would therefore not support such an instruction as a category 2 lesser offense. See Florida Standard Jury Instructions in Criminal Cases, Committee Report and Comment on Schedule of Lesser Included Offenses, at xvii and 257-57a, respectively.
On April 16, 1981, the Florida Supreme Court approved the Committee's recommendation that the lesser offense categories be consolidated into the above two categories. The Court stated:
"These rules [former Rules 3.490 and 3.510] and their predecessor statutes have been interpreted in our decision in Brown and in later cases to require instructions on attempts and on all lesser degrees of an offense even when there is no evidence of such.
We agree with the recommendation of the committee to change these rules. The present rules have required instructions to the jury for offenses for which there is no support in the evidence and no argument by counsel, and as a result have caused jury confusion. It was this circumstance that led us to request the committee to recommend a table of lesser included offenses and modifications of our rules.
We do not view these changes as invasions by the trial judge into the province of the jury  our concern in Lomax v. State, 345 So.2d 719 (Fla. 1977). In Lomax a trial judge refused to give a requested lesser offense instruction solely because there was ample evidence to support a guilty verdict on the higher offense. This is to be distinguished from the instant changes, which will eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense."
In re Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981). The Court also gave its approval to the Committee's schedule of lesser offenses. On September 24, 1981, the Supreme Court approved what is now Fla.R.Crim.P. 3.510(a) and 3.490 and made these rules effective, as amended, on October 1, 1981. In so doing, the Court stated that the amended rules were "consistent with the new schedule" on lesser offenses which was also made effective on October 1, 1981. In re Florida Rules of Criminal Procedure, 403 So.2d at 979.

2
It appears clear, then, from the above-stated rule history that the significant change effected by the October 1, 1981 amendments to Fla.R.Crim.P. 3.510(a) is that a jury instruction on an attempt to commit the crime charged can no longer be given as a lesser offense where there is no evidence to support such an attempt and the only evidence before the jury shows a completed offense. Indeed, the rule, as amended, specifically so provides. As previously noted, a jury instruction on such an attempt had to be given as a lesser offense under the predecessor rule  even though in the trial court's view the only evidence before the jury established a completed *1129 offense. Brown v. State, supra, at 381. This is not so under the present rule as amended. A criminal attempt to commit the charged crime is now a category 2 lesser offense and may be instructed on as a lesser offense only in those rare cases where there is some evidence of a criminal attempt presented to the jury; such an attempt instruction is specifically precluded where the only evidence presented to the jury shows a completed offense. State v. Bruns, 429 So.2d 307, 309 (Fla. 1983), is not, in my view, contrary to this analysis inasmuch as it was decided under the predecessor to Rule 3.510(a).[2] I am supported in this view of the law by recent decisions of both the Fourth and Fifth District Courts of Appeal. See Henry v. State, 445 So.2d 707 (Fla. 4th DCA 1984);[3]Lunsford v. State, 426 So.2d 1178 (Fla. 5th DCA 1983).[4]

B
Where a trial court erroneously instructs a jury on a lesser offense, which is not a proper lesser offense of the crime for which the defendant is charged, and the jury convicts the defendant on the improper offense, the error is considered to be reversible and a new trial is required. See Hicks v. State, 362 So.2d 730, 732-33 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 461 (Fla. 1979); Tamayo v. State, 237 So.2d 251, 253 (Fla. 3d DCA 1970); accord State v. Barnes, 182 So.2d 260, 263 (Fla. 2d DCA 1966). The case, however, must be retried on the highest lesser offense of the crime for which the defendant was originally charged  inasmuch as the defendant was impliedly acquitted by the jury at the first trial as to the original charge. See, e.g., Price v. Georgia, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300, 305 (1970); State v. Troynack, 174 Conn. 89, 384 A.2d 326, 331-32 (1977); State ex rel. Landis v. Lewis, 118 Fla. 910, 160 So. 485 (1935); Annot., 61 A.L.R.2d 1141, 1155-59 (1958).

II
Turning to the instant case, I have no trouble in concluding that the trial court committed reversible error in instructing the jury, over objection, on the lesser offense of attempted burglary  the crime for which the defendant was actually convicted. Accordingly, the judgment of conviction and sentence for attempted burglary must be reversed and the cause remanded for a new trial on the lesser offense of trespass.

A
First, it is clear that an attempted burglary instruction did not lie in this case because no evidence was adduced below to support such an offense and the only evidence *1130 which was adduced proved the completed offense of burglary. Fla.R.Crim.P. 3.510(a) specifically prohibits such a charge under these circumstances. The evidence at trial establishes (1) that a warehouse in Dade County was broken into early one morning during non-business hours, (2) that after a silent burglar alarm was tripped off, the police discovered the defendant hiding in the said warehouse, without the warehouse owner's consent, (3) that several desk calculators and other office equipment had been removed from various locations in the office and placed in a pasteboard box near the second floor door of the warehouse, and (4) that the defendant's fingerprints were found on the aforesaid removed office equipment as well as on the pasteboard box in which the equipment had been placed.
Plainly, this evidence tends to establish that the defendant committed a third degree burglary under Section 810.02(1), (3), Florida Statutes (1983), in that he did "enter[] or remain[] in a structure ... with the intent to commit an offense therein," "the premises ... [were] at the time [not] open to the public," and "the defendant ... [was not] licensed or invited to enter or remain" on the premises. Id. A prima facie case of burglary was made out under Section 810.07, Florida Statutes (1983), which provides that "[i]n a trial on the charge of burglary, proof of the entering of such structure ... at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense." The defendant herein was shown to have entered the warehouse in question stealthily and without the consent of the owner; his fingerprints were found on office equipment which had been stacked into a box near the second floor door at the warehouse; his fingerprints were also found on the box in which the stolen equipment was stacked. Consequently, it is clear beyond any doubt that a prima facie case was established showing that the defendant entered the said warehouse with intent to commit an offense therein and, by so doing, committed a third degree burglary prohibited by Section 810.02(1), (3), Florida Statutes (1983). See Toole v. State, 472 So.2d 1174, 1175 (Fla. 1985); C.A.S. v. State, 467 So.2d 457 (Fla. 3d DCA 1985).
There is, further, no evidence whatever that the defendant committed an attempted burglary. Section 777.04(1), Florida Statutes (1983), which prohibits criminal attempts, provides:
"(1) Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4)."
The defendant Jones did not attempt to commit a burglary and fail in that attempt; he did not, in the language of the criminal attempt statute [§ 777.04(1), Fla. Stat. (1983)], "attempt[] to commit an offense ... and in such attempt do[] any act toward the commission of such offense, but fail[] in the perpetration" thereof, nor was he "intercepted or prevented in the execution of the same"; on the contrary, the defendant, in fact, fully succeeded in committing a burglary herein and no way failed  nor was he interrupted or prevented  in the execution of same.
The trial court, nonetheless, gave the attempt instruction on the basis of testimony adduced below that various items of office equipment had been removed from the warehouse office and placed in a box near the upstairs door of the warehouse. I cannot agree. This evidence, in my view, shows instead the commission of a petit theft, as such crime was complete upon the slightest asportation of the said office equipment within the warehouse, coupled with an intent to deprive the owner of said equipment, either permanently or temporarily; indeed, the defendant's conviction for petit theft entered below largely rests on these proofs. See Fitch v. State, 135 Fla. 361, 366, 185 So. 435, 437 (1938); Driggers *1131 v. State, 96 Fla. 232, 234, 118 So. 20, 21 (1928); § 812.014(1)(a), (2)(c), Fla. Stat. (1983); see also Haslem v. State, 391 So.2d 389, 390 (Fla. 2d DCA 1980). This evidence, however, fails to establish an attempted burglary because the burglary herein was fully completed when the defendant entered the warehouse without the consent of the owner with the intent to commit an offense therein. True, as the state argues, "the burglary was foiled in its midst by the alarm" [Appellee's brief at 4], but when so foiled, the defendant had already fully committed a burglary and was merely thwarted in his effort to escape detection; no evidence whatever of an attempted burglary was presented below. This, of course, is not surprising because, as previously indicated, an attempt instruction will rarely lie under Fla.R.Crim.P. 3.510(a), since the evidence in most cases, as here, will show only a completed offense, and not an attempt.
Under these circumstances, the law is clear that the trial court was precluded from giving an attempt instruction as a category 2 lesser offense under Fla.R. Crim.P. 3.510(a). There was no evidence at trial to support such an attempt and the only evidence presented to the jury showed a completed offense of burglary. The trial court, therefore, was in error in so instructing the jury over proper objection by the defendant.

B
Second, this aforesaid instructional error constitutes reversible error and necessitates a new trial on the necessarily included lesser offense of trespass. The defendant Jones was convicted herein of attempted burglary  an improper lesser offense  which, of course, makes the instructional error on attempted burglary prejudicial and therefore reversible. Consequently, the conviction for attempted burglary must be reversed and the cause remanded for a new trial. The new trial, in turn, cannot be conducted on the charge of burglary because the jury has implicitly acquitted the defendant of burglary by finding him guilty of attempted burglary below. Nor can the new trial be conducted on attempted burglary because this offense, as indicated, is an improper lesser offense in this case. Therefore, the new trial must be conducted on the necessarily included offense of trespass [§ 810.08(1), Fla. Stat. (1983)]  a category 1 lesser offense under the schedule of lesser offenses contained in the Florida Standard Jury Instructions in Criminal Cases as approved by the Florida Supreme Court.

C
Third, the court's opinion herein, which reaches a contrary conclusion and affirms the attempted burglary conviction, is singularly unpersuasive. The court concedes, in effect, that there was no evidence to support an attempted burglary instruction in this case and that the only evidence adduced at trial showed a completed burglary. This being so, it would seem plain beyond any doubt that (1) it was error for the trial court to instruct the jury over objection on attempted burglary, as such an instruction was precluded by Fla.R. Crim.P. 3.510(a), and (2) the error was reversible because the defendant preserved the error below and was subsequently convicted on the improper attempted burglary charge. The court, however, avoids this inevitable result by construing Fla.R. Crim.P. 3.510(a) in such a way as to render it unenforceable in this case. The court holds that Fla.R.Crim.P. 3.510(a), despite its plain terms, does not "create[] a right to not have a jury instructed on an attempt as the lesser offense of the charged offense where the evidence shows the offense was completed... ." 492 So.2d at 1126. This means that although Fla.R.Crim.P. 3.510(a) precludes the giving of a criminal attempt instruction where there is no evidence to support such a charge and the only evidence shows a completed offense, no one may complain about it if such an improper attempt instruction is given. Indeed, the court chides the defendant Jones for being "technical" in making such a complaint and concludes that a trial court's decision to give a criminal attempt instruction, *1132 over objection, in violation of Fla.R. Crim.P. 3.510(a)  even where the defendant is convicted of this attempt  "does not, without more, constitute reversible error." 492 So.2d at 1126. I think this construction of the rule, which is unsupported by any authority, utterly eviscerates Fla.R.Crim.P. 3.510(a).
By today's decision, as I understand it, the court holds that a criminal defendant may be convicted, as here, of an attempt to commit the main offense with which he is charged, even though (1) such an attempt is not a lesser offense under Fla.R.Crim.P. 3.510(a), and (2) the defendant has preserved the error by objecting to a jury instruction on such attempt. It follows, then, that a defendant may in these circumstances be convicted, over his protests, of an offense which, admittedly, is not a lesser offense of the crime for which he was charged; such a result, in my view, constitutes a violation of the defendant's constitutional right to "be informed of the nature and cause of the accusation against him," Art. I, § 16, Fla. Const., as the defendant has effectively been convicted of a crime for which he was never charged. See Ray v. State, 403 So.2d 956, 959-61 (Fla. 1981); Brown v. State, supra, at 383; Penny v. State, 140 Fla. 155, 162, 191 So. 190, 193 (1939); Courson v. State, 414 So.2d 207, 209-10 (Fla. 3d DCA 1982); Blow v. State, 386 So.2d 872, 874 (Fla. 1st DCA 1980), pet. for review denied, 392 So.2d 1372 (Fla. 1981). I cannot agree to such an unjustified result as it has no support whatever under the established law of Florida.

III
For the above-stated reasons, I concur in the court's decision to affirm the petit theft conviction under review, but dissent from the court's decision to affirm the attempted burglary conviction. As to the latter, I would reverse the attempted burglary conviction and remand the cause to the trial court for a new trial on the lesser offense of trespass.
NOTES
[1] Fla.R.Crim.P. 3.510 was known as Fla.R. Crim.P. 1.510 from 1968-71.
[2] The Court in Bruns specifically states:

"It is of interest to point out that the standard jury instructions and criminal rules put into effect after this case arose maintained the separation of necessarily included offenses and attempts. In the Matter of the Use of Standard Jury Instructions, 431 So.2d 594 (Fla. 1981); In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981)."
State v. Bruns, supra, at 309 (emphasis added). The Court's prior comments that "the attempt charge must be given even though, in the judge's opinion, the facts establish guilt of the crime charged rather than the attempt," id. at 309, therefore, have reference to the predecessor rule to Fla.R.Crim.P. 3.510(a), rather than the current rule as amended. The Fourth District in Henry v. State, 445 So.2d 707, 708-09 (Fla. 4th DCA 1984), has interpreted Bruns in precisely the same fashion.
[3] "Thus it appears the rule [Fla.R.Crim.P. 3.510(a) as amended] prohibits an attempt instruction on a criminal episode that has reached fruition... . We hold, therefore, that Rule 3.510 controls the question at hand and precludes instructions on attempts where the only evidence proves a completed offense." Id. at 708. The court in Henry affirmed an armed robbery conviction and held that the refusal of the trial court to give a defense-requested instruction on attempted robbery was not error because there was no evidence of an attempted robbery and the only evidence presented showed a completed offense of armed robbery.
[4] "The trial court was correct in not giving instructions on attempted robbery, as all the evidence concerns only the completed offense, with no evidence showing an attempt." Id. at 1179. The court in Lunsford affirmed an armed robbery conviction finding no error in the trial court's refusal to give a defense-requested instruction on attempted robbery.