GROSS, J.
We affirm appellant’s conviction of trafficking in cocaine. See § 893.135(l)(b)l.c., Fla. Stat. (1997). The trial court correctly denied appellant’s request to instruct the jury on the lesser included offense of attempted trafficking in cocaine, since the only evidence in the case proved a “completed offense.” Fla. R.Crim. P. 3.510(a); see Ostrum v. State, 638 So.2d 594 (Fla. 4th DCA 1994); Henry v. State, 445 So.2d 707 (Fla. 4th DCA 1984); Lunsford v. State, 426 So.2d 1178 (Fla. 5th DCA 1983).
Appellant showed the undercover officer two bundles of money and made a number of incriminating statements, including “if my people like [the first kilo], then I can do five or six kilos [of cocaine] a week.” Carrying a duffel bag to transport the cocaine, appellant went to the officer’s undercover vehicle, a Ford Explorer. The officer told appellant that the kilos were on the floorboard of the driver’s side of the vehicle. Appellant got into the Explorer and took possession of the cocaine. Holding the cocaine between his legs, appellant asked the officer for a knife so that he could test the drug. The officer said that the kilo already had a “window,” but the defendant did not find this acceptable. Not having a knife, the officer gave appellant his keys; appellant sliced open the bag of cocaine, looked at it, felt it, and put some on his tongue. Shortly thereafter, the takedown team arrived and appellant was arrested.
On the remaining issue, the trial court gave appellant an adequate opportunity to question the translator.
AFFIRMED.
WARNER, C.J., and POLEN, J., concur.