214 So.2d 370 (1968)
Hershel Ray CAMERON, Appellant,
v.
STATE of Florida, Appellee.
No. 68-90.
District Court of Appeal of Florida. Second District.
September 27, 1968.
Jack O. Johnson, Bartow, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is a direct appeal by appellant Hershel Ray Cameron from a judgment of conviction after trial in a criminal case.
The main contention of error here on behalf of Cameron is the admissibility of a statement by him to the arresting officer immediately after his arrest.
Information was filed in the Highlands County Circuit Court on February 1, 1968, charging Cameron, together with three other named persons, with attempted breaking and entering. Upon trial before the Court without a jury, the three others were acquitted but Cameron was convicted.
The testimony established that on January 14, 1968, early in the morning before daylight, two Avon Park police officers, while on patrol duty on Highway 27, observed two men just outside the front door of a liquor store, with a station wagon parked in front containing a woman in the front seat and a man in the rear seat. They could also see pruning shears protruding from the front door of the building. While no entry had been made into the building, both the front door and a side door of the building had been imminently damaged. All four persons were arrested, taken to the County Jail, and were thereafter prosecuted upon the same information, with the result aforesaid.
At the trial one of the officers testified that immediately after the arrest, and while the officers were waiting for the sheriff's office to send help, Cameron gratuitously pleaded with the officers to  "Just let the woman and the rest of them go. I pulled in here, needed a drink, I got the shakes so bad, I was breaking in the store"; and immediately thereafter again urged the officers: "Let the rest go. I was the one breaking in. They didn't have anything to do with it". These statements were made gratuitously, without questioning or interrogation by the officers, right after they had been arrested at the scene of the attempted burglary, and before they had left the premises. The officers testified the statements were voluntarily made, which Cameron did not deny. In fact, he did not even deny making the statements. And no objection was made to the introduction of the statements in evidence at the trial.
Counsel for Cameron argue here for the first time that Cameron's statements aforesaid violated the rule of Miranda (Miranda *371 v. State of Ariz., 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694), in that the officers did not first advise him he had the right to remain silent and also to have a lawyer present during his interrogation.
But Cameron was not protected by Miranda under the facts here for several reasons, it only being necessary to point out one or two of such reasons. One is he was never interrogated by the officers: what he said was, without denial, gratuitous and spontaneous. Also, the statements were not produced by "custodial interrogation", but rather was an impulsive effort on the part of Cameron to exculpate the other three with him. Furthermore, the introduction of the statements was never objected to.
Other points relied upon are patently without merit, so the judgment appealed is affirmed.
Affirmed.
ALLEN, Acting C.J., and HOBSON, J., concur.