730 So.2d 837 (1999)
Carmalin DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2543.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Carmalin Davis was charged with burglary of a conveyance pursuant to section 810.02(1), Florida Statutes (1997), after police observed him running a few blocks from a parking lot where a sports utility vehicle had been reported burglarized. Consequently, he was tried by jury and convicted of attempted burglary of a conveyance. He challenges his conviction on the ground that the State failed to prove a corpus delicti for burglary before admitting his statement against interest into evidence. We affirm.
A witness noticed a black male wearing sandals
standing in glass next to her employer's vehicle in the parking lot of her place of employment. She also detected that the passenger window of the car had been broken. A few minutes later the witness went with her boss to look for the man and noticed a black man wearing sandals crouched down in some bushes who then began to run. Subsequently, the police apprehended Davis a few blocks from the scene. No fingerprints were found on the car, nor were any items missing from the vehicle.
At trial, over the defense counsel's objection based on "corpus delicti," the owner of the vehicle testified that Davis came to his office two weeks after his arrest and offered *838 to pay for the broken window, explaining that he intended only to steal the cellular phone inside and not the automobile itself. The jury convicted Davis of attempted burglary.
Before a defendant's confession or statement against interest is admissible into evidence, the State must prove with substantial evidence the corpus delicti of the offense charged. See Sochor v. State, 619 So.2d 285, 289 (Fla.1993). "Corpus delicti," which literally means "the body of the crime," generally refers to the legal elements necessary to show that the crime charged was committed. See Farinas v. State, 569 So.2d 425, 430 (Fla.1990). The corpus delicti of a crime can be shown by circumstantial evidence and need not be proven beyond a reasonable doubt. See R.L.B. v. State, 703 So.2d 1245 (Fla. 5th DCA 1998). For purposes of establishing the corpus delicti, it is sufficient if the evidence tends to show that a crime has been committed by someone, not necessarily the defendant. See Stone v. State, 378 So.2d 765 (Fla.1979).
The elements of burglary of a conveyance are: 1) unauthorized entry into a conveyance, 2) with the intent to commit an offense therein. See § 810.02, Fla. Stat.; Fla. Std. Jury Instr. (Crim.) 195 (1996). The elements of attempted burglary of a conveyance are: 1) unauthorized attempted entry into a conveyance, 2) with the intent to commit an offense therein. See § 777.04(1), Fla. Stat. (1997); Fla. Std. Jury Instr. (Crim.) 77 (1996). Proof of an attempt to enter a conveyance stealthily and without the consent of the owner is prima facie evidence of attempting to enter with intent to commit an offense. See § 810.07(2), Fla. Stat. (1997).
In the instant case, the corpus delicti for the crime of burglary of a conveyance was not established because there was no evidence whatsoever of an entry into the vehicle. However, evidence that the window was broken by the agency of someone other than the owner, the presence of valuable items located inside the car, the appearance of someone standing in glass next to the vehicle and seemingly the same person found in the vicinity a short while later attempting to conceal himself and then fleeing upon discovery established the corpus delicti of the crime of attempted burglary of a conveyance. Because the jury found Davis guilty of attempted burglary, and the corpus delicti for this offense was established prior to the admission of the confession, we find that Davis has not met his burden of establishing prejudicial error. See § 924.051(7), Fla. Stat. (1997)("[T]he party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court."). Accordingly, we affirm.
AFFIRMED.
GUNTHER and WARNER, JJ., concur.