BLUE, Acting Chief Judge.
R.J.J. appeals his adjudication of delinquency for throwing a deadly missile at a vehicle in violation of section 790.19, Florida Statutes (1995). He argues, and we agree, that the trial court erred by excluding a defense witness based on a violation of the sequestration rule and by denying a *1266 request to proffer the witness’s testimony. Accordingly, we reverse.
Before excluding testimony based on a violation of the sequestration rule, a trial court must determine that the offered testimony “was affected by other witnesses’ testimony to the extent that it substantially differed from what it would have been had the witness not heard the testimony.” Wright v. State, 473 So.2d 1277, 1280 (Fla. 1985) (noting that rule of sequestration should not be enforced as a strict rule of law; recognizing that it can implicate a defendant’s Sixth Amendment right to present witnesses). In this case, the trial court erred by strictly applying the sequestration rule.
Furthermore, the trial court erred when it refused to allow R. J. J. to make a proffer of the excluded evidence. See Rozier v. State, 636 So.2d 1386 (Fla. 4th DCA 1994). Because the State did not present overwhelming evidence of guilt against R.J.J., we cannot say the errors were' harmless. Accordingly, we reverse and remand for a new adjudicatory hearing.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.