NORTHCUTT, Judge.
A jury convicted Paul Fournier of attempted robbery and battery. We affirm his battery conviction without discussion, but reverse his conviction for attempted robbery.
The victim testified that she was driving home from work and had stopped at a traffic sign in her employer’s parking lot. She noticed Fournier standing across the street. He appeared to be speaking to her, so she reached over to turn down her radio in order to hear him. When she looked up, he was right next to her driver’s side window. Fournier reached in the window, grabbed the victim by her shoulder and arm, shook her and said he needed money for a beer. The victim testified:
He was kind of like, “Hey, I need it. Can I please have money for beer?” Kind of please. Kind of like, hey — I don’t want to say like really forceful. He was like, “Hey, I need it for beer. Can I please have fifty cents for beer? I don’t have any money. I’m sorry.”
The victim was terrified and immediately drove away without giving Former any money.
The State charged Fournier with burglary of a conveyance with assault or battery,[1] and attempted robbery.[2] On the burglary count, the jurors found him guilty of the lesser included offense of battery. They declared him guilty of attempted robbery.
A prima facie case for robbery requires proof that the accused took the victim’s property with the intent to permanently deprive her of that property and that, in the course of the taking, the accused used force, violence, assault, or intimidation. § 812.13(l)(a), Fla. Stat. (1999). To prove attempted robbery, the State *401 must show that the accused formed the intent to take the victim’s property and committed some overt act to accomplish that goal. Green v. State, 655 So.2d 208 (Fla. 3d DCA 1995). Here, the State did not present competent, substantial evidence of Fournier’s intent to take property. The circuit court should have granted his motion for judgment of acquittal on the attempted robbery charge.
We recognize that a defendant’s intent is generally a jury question. But the State must present some competent, substantial evidence from which the jury could infer the defendant’s intent to deprive the victim of property. See Rosengarten v. State, 166 So.2d 183, 184 (Fla. 2d DCA 1964). Here, the victim’s testimony about Fournier’s statements supplied the only evidence of his intent. She did not say that he demanded money. Rather, her account showed only that he begged for money, albeit aggressively. Cf Thomas v. State, 183 So.2d 297 (Fla. 3d DCA 1966). Although Fournier reached into the victim’s car, he did not attempt to take any of her property. Had he done so, his acts in combination with his statements would have been sufficient to show his intent to steal. But Fournier’s statements, by themselves, were insufficient to prove attempted robbery. We reverse Fournier’s conviction for attempted robbery and remand for resentencing on the battery conviction alone.
STRINGER and COVINGTON, JJ„ Concur.

. § 810.02(2)(a), Fla. Stat (1999).

. §§ 812.13(1), 777.04, Fla. Stat. (1999).