831 So.2d 806 (2002)
Autrey SHELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2014.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
*807 Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was charged with armed robbery and pleaded not guilty. At trial before a jury, the judge refused to remove his shackles, explaining that the decision was based on the severity of the charges, the fact that a firearm and bullets would be placed in evidence, and that defendant had fled from police when they approached him. We reverse.
As the United States Supreme Court said of shackling defendants in criminal trials:
"Trying a defendant for a crime while he or she sits bound and gagged before the judge and jury would to an extent comply with that part of the Sixth Amendment's purposes that accords the defendant an opportunity to confront the witnesses at the trial. But even to contemplate such a technique, much less see it, arouses a feeling that no person should be tried while shackled and gagged except as a last resort. Not only is it possible that the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold."
Illinois v. Allen, 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The Florida Supreme Court has thus explained that as a general rule, "[a] defendant in a criminal trial has the right to appear before the jury free from physical restraints, such as shackles or legal and waist restraints." Bryant v. State, 785 So.2d 422, 428 (Fla.2001); see also Diaz v. State, 513 So.2d 1045, 1047 (Fla.1987); Elledge v. State, 408 So.2d 1021, 1022 (Fla.1981). Both Allen and Bryant recognize, however, that a trial judge does have authority and discretion to order restraints on a defendant whose conduct creates a necessity for it.
In this case there was no misconduct by the defendant during his trial and no indication of any possible misconduct looming. Without granting a prior evidentiary hearing on the possibility of shackling or considering evidence of any necessity for it, the trial court simply decided at the beginning of trial that he should be shackled.
None of the reasons given by the trial judge are sufficient to invoke any discretion to shackle an unruly or dangerous defendant. All could have been accommodated far short of shackling. If the severity of the charges were sufficient, few defendants charged with capital or life offenses could remain unrestrained. The weapon and bullets could have been placed in some safe place inaccessible to a defendant of a mind to seize them and attempt their use. Fleeing from police is commonplace in many parts of this state; if flight alone were a basis for shackling, many defendants would undergo trial pinioned to a chair. In short, there was no acceptable factual basis to indicate any need for shackling.
Because we cannot confidently say beyond a reasonable doubt that the shackling had no effect on the jury, a new trial is unavoidable. See Goodwin v. State, 751 So.2d 537 (Fla.1999) (holding that harmless error analysis requires appellate courts first to consider the nature of the *808 error and then the effect this error had on the jury).
REVERSED.
GUNTHER and STONE, JJ., concur.