846 So.2d 640 (2003)
Anthony PEPITONE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2869.
District Court of Appeal of Florida, Second District.
May 30, 2003.
*641 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Anthony Pepitone appeals his judgment and sentence for attempted burglary of a dwelling. We conclude that we must reverse this judgment because there was no evidence to support a conviction for attempted burglary, and this offense should not have been included within the instructions.
On September 19, 1999, Mr. Pepitone went to a retirement condominium in Largo, Florida. He first entered condominium unit 521 on the fifth floor at approximately noon. The owner testified that he usually left his front door unlocked. When the owner of the unit went to the bathroom, he noticed Mr. Pepitone leaving the study. The owner did not know Mr. Pepitone. Mr. Pepitone claimed he was looking for a "Mr. Derino." As he left the unit, Mr. Pepitone looked at the front door and explained that he had intended to enter unit 421. The owner reported the incident to the front desk, and then discovered that Mr. Pepitone had opened many of the drawers in the study. Nothing seemed to be missing in the unit.
Shortly after this incident, another unit owner was sitting in her living room with her husband when Mr. Pepitone opened the door and came into their unit, 334. He looked in the kitchen and went through their bedroom. When she asked Mr. Pepitone what he wanted, he explained that this was unit 334 and he was looking for unit 234. The police were summoned and arrived in a few minutes. They discovered Mr. Pepitone in the first floor common area. He was arrested and charged with burglary of the first unit and trespass of the second unit. This appeal concerns only the charge of burglary of the first unit.
At trial, the State requested an instruction on the lesser-included offense of attempted burglary. Mr. Pepitone objected, but the trial court decided to give this instruction. Thus, the jury received instruction on burglary of a dwelling, attempted burglary of a dwelling, and trespass. The jury found Mr. Pepitone guilty of attempted burglary.
*642 On appeal, Mr. Pepitone argues that there was no evidence presented to permit a conviction of attempted burglary. He maintains that the jury could find him guilty of burglary or trespass, but not of attempted burglary. The State first argues that the issue is not preserved and then that the instruction was appropriate.
The issue of preservation presents an interesting question in this case. The discussion concerning the lesser-included offense of burglary occurred at the charge conference. The court reporter, however, has been unable to produce a transcript of those proceedings. At an evidentiary hearing conducted to resolve this problem, the defense attorney confirmed that he objected to the lesser-included offense because Mr. Pepitone was adamant that he did not want the jury to receive this option. The precise grounds for the objection could not be recreated.
It is well established that if a defendant is prejudiced by the absence of a portion of a trial transcript through no fault of his own and the missing transcript is necessary to a complete review of the case, the defendant is entitled to a new trial. See Jones v. State, 780 So.2d 218 (Fla. 2d DCA 2001). In this case, the missing record is not necessary to determine whether a harmful error occurred; it is only necessary to determine whether that error was preserved for appellate review. Somewhat analogous to the situation in which a proffer is denied, we conclude that this court should not automatically reverse due to the missing record; we should simply conclude that the transcript would establish preservation if it were available. Cf. R.J.J. v. State, 771 So.2d 1265, 1266 (Fla. 2d DCA 2000); Rozier v. State, 636 So.2d 1386, 1387-88 (Fla. 4th DCA 1994) (explaining function of proffer and reason that denial of proffer is treated as error). Thus, we conclude that we should review this issue as one that is preserved.
Attempted burglary is not a necessary lesser-included offense of burglary; it is a permissive or category 2 lesser-included offense. See Florida Standard Jury Instructions in Criminal Cases, 723 So.2d 123, 131 (Fla.1998). As a result, the State has the right to receive an instruction on this lesser offense over the defendant's objection only when the allegations within the information and the evidence at trial support the instruction. See State v. Johnson, 601 So.2d 219, 220 (Fla.1992); see also Amado v. State, 585 So.2d 282 (Fla.1991); Russ v. State, 612 So.2d 688, 689 (Fla. 2d DCA 1993). Florida Rule of Criminal Procedure 3.510(a) provides that "[t]he judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense." When the defendant is improperly convicted of such a lesser offense, the conviction must be reversed. See Gleason v. State, 591 So.2d 278 (Fla. 5th DCA 1991); see also State v. Robinson, 771 So.2d 1256, 1258 (Fla. 3d DCA 2000) (affirming grant of new trial by trial court).
Here, the evidence at trial did not support an attempt instruction. Normally, an attempted burglary involves a person who attempts, but fails, to gain entrance to a dwelling, structure, or conveyance. See, e.g., Smith v. State, 588 So.2d 654 (Fla. 2d DCA 1991); Cameron v. State, 214 So.2d 370 (Fla. 2d DCA 1968); Davis v. State, 730 So.2d 837 (Fla. 4th DCA 1999). It may be that Mr. Pepitone attempted unsuccessfully to steal something from the study, but it is undisputed that he successfully entered the condominium unit. If he did so with an intent to commit an offense, his crime was a completed burglary. See § 810.02, Fla. Stat. (1999). If he did so with no such intent, the crime was trespass. Attempted burglary *643 simply is not a middle ground that exists between these two options in this case.
Unfortunately for the State, the tactical decision to request a lesser-included instruction under these circumstances has serious consequences. Double jeopardy bars retrial of the offense of burglary because the jury found Mr. Pepitone not guilty of that offense. See Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); Gleason 591 So.2d at 279. Accordingly, we reverse and remand for the trial court to enter a judgment and sentence for the lesser-included offense of trespass. See § 924.34, Fla. Stat. (2002); I.T. v. State, 694 So.2d 720 (Fla.1997). This ruling renders moot sentencing issues that the State admits would have required resentencing.
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.