848 So.2d 448 (2003)
Dietayvious TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1757.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
*449 KLEIN, J.
Appellant was convicted of robbery with a firearm and sentenced to life in prison as a prison releasee reoffender. He argues that the trial court erred in not conducting a hearing on the necessity of his being shackled during his trial. We affirm because appellant did not ask for a hearing.
The initial decision to shackle appellant in this case was made by the sheriff, not the court. That was the procedure occurring in the two controlling cases as well. Bello v. State, 547 So.2d 914, 918 (Fla.1989); Finney v. State, 660 So.2d 674 (Fla.1995).
In Finney, the Florida Supreme Court held that, in order to preserve a shackling issue for appeal, the defendant must ask the court for an inquiry on the necessity of the shackling. As the court explained:
We also reject Finney's claim that the trial court erred when it failed to inquire into the reasons why he was shackled during the penalty phase of the trial. Finney relies on this Court's decision in Bello v. State, 547 So.2d 914 (Fla.1989). In Bello, we held that where defense counsel objects to and requests inquiry into the necessity for shackling the defendant during the penalty phase of a capital trial, the trial court must not defer to the sheriff's apparent judgment that such restraint is needed without first inquiring into the reasons for that decision. 547 So.2d at 918.
At the beginning of the penalty phase in this case, defense counsel requested that Finney's shackles be removed. The judge asked, "That is a security measure that the Sheriff's Office would like?" To which the bailiff responded, "Yes." The judge then denied defense counsel's request and pointed out that the shackles were obscured by a board and could be removed during a recess before Finney took the witness stand. Defense counsel responded that Finney had agreed to behave throughout the proceeding. The judge then told counsel that the decision was in the sheriff's area of expertise and she would support that decision. No further inquiry was made. Unlike defense counsel in Bello, counsel in this case acquiesced to proceeding without further inquiry. No objection was made to the court's decision to defer to the sheriff on the matter, nor did counsel request that the court inquire into the reasons for the sheriff's decision. Because the specific claim raised here was never raised to the trial court, the claim is not preserved for appeal.
Finney, 660 So.2d at 682-83.
In the present case, the defendant did not ask the court to make inquiry into the necessity for shackles, as the defendant did in Bello, but failed to do in Finney. The entire discussion in regard to the shackling, which occurred before the jury was brought in, was as follows:
MR. MCNAMEE: Also Mr. Taylor is shackled at the moment.
THE COURT: He will stay shackled.
MR. MCNAMEE: We would object to that. My concern is the noise that the shackles make.
* * *
THE COURT: Sir, he will stay shackled. There's a skirt on the table and that's the purpose of the skirt.
MR. MCNAMEE: There's another issue regarding should Mr. Taylor testify.... The procedure for Mr. Taylor to testify is the jury be sent out and he just ends up magically in the stand. If that's the case, I want every witness to be treated the same way including Mr. Taylor.
THE COURT: Denied.
*450 Finney`s requirement that the defendant request an inquiry as to the need for shackling is consistent with the principle that the burden of demonstrating error is on the defendant. Goodwin v. State, 751 So.2d 537, 544 (Fla.1999). In this case, as in Finney, appellant has failed to demonstrate that the trial court committed an error, because the record is devoid of any information as to why appellant was shackled.
Although it is unnecessary to our conclusion, we also note that there is no indication that the jury knew that the appellant was shackled. Defense counsel expressed concern about the shackling in the event appellant testified, but that contingency did not occur. Accordingly there was no prejudice. Sireci v. Moore, 825 So.2d 882 (Fla.2002)(no prejudice where jury did not see defendant in shackles). Affirmed.
FARMER, C.J., and SHAHOOD, J., concur.