850 So.2d 597 (2003)
Anthony GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1974.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
Rehearing Denied August 13, 2003.
*598 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
STONE, J.
Green was convicted, along with co-defendant Shelton, of attempted armed robbery. We reversed the co-defendant's conviction in Shelton v. State, 831 So.2d 806 (Fla. 4th DCA 2002). As in Shelton, we also reverse and conclude that requiring Green to be shackled during trial, in the absence of record support for the restraint, is reversible error. We, therefore, reverse and remand for re-trial on the charge of attempted armed robbery.[1]
Green also contends that it was error below and it would be error on remand to charge the jury on the lesser offense of attempt where the evidence indicates that the robbery was completed notwithstanding that it was still in progress when interrupted by a law enforcement officer.
At trial, the state presented testimony that Detective Spear, while on his way to the scene of one robbery involving four individuals in a black Ford Mustang and a victim on a pay phone, saw a Mustang and several individuals by a pay phone at a convenience store. The car matched the description given over the radio. When he approached, two of the men ran away, while one remained, pretending to be another robbery victim.
The victim, Cedric Kyles, testified that he was held up at gunpoint by Green and the others. He stated that they took his wallet, four hundred dollars, and his pager. The wallet and money were not found, but the pager was found by the police in the vicinity of the offense. Green denied robbing Kyles. Instead, he claimed he was engaged in a drug transaction when the police arrived on the scene.
At the charge conference, defense counsel objected to any jury instruction on attempted robbery. The objection was *599 overruled. The jury returned a verdict of guilty on the lesser offense of attempted armed robbery with a weapon.
A prima facie case for robbery requires proof that the accused took the victim's property with the intent to permanently deprive the victim of that property. § 812.13(1), Fla. Stat. (1999). To prove attempted robbery, the state must show that the accused formed the intent to take the victim's property and committed some overt act to accomplish that goal. § 777.04, Fla. Stat. (1999); Fournier v. State, 827 So.2d 399, 400-01 (Fla. 2d DCA 2002).
We recognize that Florida Rule of Criminal Procedure 3.510, provides, in part, that a "jury may convict the defendant of: (a) an attempt to commit the offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense." Here, there is evidence that the offense was completed. Kyles testified that the pager belonged to him and that it was later returned to him by the police. Nevertheless, it cannot be said, as a matter of law, that there is a "total lack of evidence of the lesser offense." See Amado v. State, 585 So.2d 282 (Fla.1991). Officer Spear saw Green and Shelton confronting Kyles and saw them going through his pockets but did not see them take anything. When they fled on foot, nothing was seen in their hands. None of the property was found on Green's person. This, coupled with the fact that the crime was interrupted in progress, could lead the jury to conclude that the robbery had not been concluded, but only attempted and then interrupted.
In any event, even accepting that the perpetrators had completed the physical taking of the pager, we agree with the Third District that a trial court's decision to give an attempt instruction, where there is not a total lack of evidence as to the lesser offense, does not constitute reversible error. See Jones v. State, 492 So.2d 1124 (Fla. 3d DCA 1986). In Jones, the jury was instructed as to, and the defendant was convicted of, attempted burglary. As here, the defendant argued that under rule 3.510(a), he was entitled to a new trial because the instruction was improper where the evidence only showed a completed act of burglary. Id. at 1125. The Third District rejected that argument stating, "[a]n accused who is convicted of an attempt as a lesser of a charged offense will not be heard to complain that he should be set free merely because the evidence shows that he was guilty of the greater offense." Id. at 1126. The court noted that rule 3.510(a) was construed by the supreme court as not creating any new rights, "but simply as a tool to streamline a trial by eliminating the need to instruct as to a lesser offense when there is a total lack of evidence of the lesser offense.'" Id. (citing In re Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla.1981)).
We conclude that rule 3.510(a) does not create a right for a defendant to insist that a jury not to be instructed on attempt. The jury was properly instructed where a view of the evidence supports attempt as a lesser-included offense. We recognize possible conflict with Gleason v. State, 591 So.2d 278, 279 (Fla. 5th DCA 1991), in which the Fifth District reversed the appellant's conviction for attempted sexual battery where there was no evidence to support the attempt and the only evidence prove the completed offense. We note, however, that the cases cited for support in Gleason are inapposite, as they both involved a trial court's denial of a defense's request to have an attempt instruction and did not recognize the right of a defendant *600 to not have a jury instructed on an attempt.
Therefore, on remand, Green may be retried on the attempt.
STEVENSON and MAY, JJ., concur.
NOTES
[1] We note this court's decision in Taylor v. State, 848 So.2d 448, 2003 WL 21505350 (Fla. 4th DCA July 2, 2003), holding that the appellant failed to preserve the shackling issue by not requesting an inquiry on the necessity of shackling. Here, the issue was preserved.