856 So.2d 1116 (2003)
Michael BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3518.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal arises out of the conviction of Michael A. Brown for armed robbery of a gas station on October 23, 2001. We find Brown's primary issue on appeal, that there was insufficient evidence identifying him as the perpetrator, unpersuasive. We write, however, to specifically address whether the shackling of Brown during trial without conducting an evidentiary hearing entitles him to a new trial. The proper standard of review for this issue is abuse of discretion. See Elledge v. State, 408 So.2d 1021, 1022-1023 (Fla.1981) (holding *1117 no abuse of discretion by having defendant shackled before jury when threats to attack bailiff are present); Czubak v. State, 644 So.2d 93 (Fla. 2d DCA 1994) (holding while shackling is inherently prejudicial practice, it is permissible tool to be exercised in sound discretion of trial judge when circumstances involving security and safety of proceeding warrant it). We affirm.
Immediately prior to trial, defense counsel moved to have Brown's shackles removed. The trial court commented that Brown "was rather belligerent" and "was not following directions given him by the court deputies" during a previous court hearing. This created apprehension that Brown posed a security risk in the eyes of the trial court. Therefore, Brown's motion was denied. The shackles could not be seen by the jury while Brown was seated, since a table obstructed the view. Brown did not request a hearing on this matter, nor did he deny being "belligerent." The trial court did, however, announce that it would remove the shackles if Brown either testified or displayed his body for the jury during trial so that the shackles would never be seen. Thereafter the State presented its case-in-chief. Brown ultimately displayed his body for the jury, and the shackles were removed for this display.
We find this issue was not properly preserved for appellate review. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Lacey v. State, 831 So.2d 1267 (Fla. 4th DCA 2002) (citing Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). Prior to trial, Brown requested the shackles be taken off; however, after the trial court stated it reasons for refusing to grant that request, Brown neither requested a hearing to make an inquiry into the necessity for shackles nor did he contest the trial court's stated reasons. Since the trial court was never given the opportunity to rule upon this specific argument and we find no fundamental error, appellate review is precluded. See Taylor v. State, 848 So.2d 448 (Fla. 4th DCA 2003).
Furthermore, had the issue properly been preserved, we are inclined to believe the trial court had legitimate reasons to shackle Brown and we can see no abuse of discretion. See Bryant, 785 So.2d at 430 (holding that requiring restraint was proper where trial judge had first-hand knowledge of defendant's incidents of inappropriate and dangerous courtroom behavior). Alternatively, if there was any error, it was at the most harmless error since the jury never saw Brown in the shackles.
AFFIRMED.
KLEIN and STEVENSON, JJ., concur.