913 So.2d 1275 (2005)
Kristina M. GREER, Appellant,
v.
S.V.T., INC., a/k/a Superior Video Tech, Inc., Appellee.
Nos. 5D03-3164, 5D04-446.
District Court of Appeal of Florida, Fifth District.
November 18, 2005.
*1276 Gregory C. Maaswinkel and Jeffrey M. Byrd of Jeffrey M. Byrd, P.A., Orlando, for Appellant.
Joseph T. Metzger and Kari A. Metzger, of Koleos, Rosenberg, Metzger & Doyle, P.A., Tampa, for Appellee.
ORFINGER, J.
Christina Greer appeals a final judgment in her favor against S.V.T., Inc. in a products liability claim. Greer argues that several trial errors deprived her of fair consideration of her claim by the jury. We reverse for a new trial.
Greer claims that the trial court erred when it permitted S.V.T. to maintain a comparative negligence defense at trial. While S.V.T. raised the defense of comparative negligence in its answer, that issue was resolved against S.V.T. in a partial summary judgment. During pretrial proceedings, S.V.T. also conceded that it did not claim, and would not argue at the time of trial, that Greer improperly used the product. Additionally, the joint pretrial stipulation failed to list comparative negligence as an issue to be considered at trial. Nonetheless, the issue of comparative negligence was submitted to the jury, which found Greer to be twenty percent at fault. Post-trial, the trial judge realized the error and entered judgment in Greer's favor for one hundred percent of the damages determined by the jury, without any offset for comparative negligence. S.V.T. contends this cured the error.
Unfortunately, through no fault of the parties, the court reporter that covered most of the trial disappeared with her notes, and, as a result, Greer was unable to obtain a transcript of the first two days of the three-day trial.[1] We entered an order pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), requesting that the trial court and the parties make an effort to reconstruct those portions of the record that were missing. However, the parties were unable to agree, and the trial court did not settle and approve a statement of the evidence or proceedings sufficient to allow meaningful appellate review.
Our review of the pleadings and papers contained in the record leads us to the conclusion that it was error to allow S.V.T. to argue comparative negligence to the jury. However, how that error may have affected the trial is impossible for us to say given the lack of a complete record. Accordingly, we conclude that justice requires a new trial.
Finally, because the matter might come up again, we comment on an issue that occurred during S.V.T.'s closing argument. When referring to Greer's evaluation by a psychiatrist, S.V.T.'s attorney argued "[H]ad she gone there for a medical evaluation and treatment? No, her lawyer said, no, this guy, he's going to give us a great report." (Emphasis added). There is no evidence in the record that would support S.V.T.'s argument that Greer's lawyer told her that the expert would "give us a great *1277 report." This argument was improper and should not be repeated on retrial.
REVERSED AND REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] The record indicates the reporter was Fransesca St. John of Esquire Deposition Services, Orlando, Florida.