PALMER, J.
David Leon Gervin (defendant) appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of driving under the influence of alcohol or controlled substances and inflicting serious bodily injury.[1] Meaningful appellate review of this matter is not possible because the trial transcript is incomplete and, since this error was not caused by the defendant, we are constrained to reverse the defendant’s judgment and sentence and remand this matter to the trial court for a new trial.
The defendant appealed his judgment and sentence contending that the trial court erred in denying his motion for mistrial made during the trial. Our review of the record revealed that the trial transcript did not include either the defendant’s motion for a mistrial or the objec *734 tionable testimony related thereto. We relinquished jurisdiction to the trial court in an attempt to allow the parties to reconstruct the trial transcript. On remand, two hearings were held in the trial court in an attempt to reconstruct the record but such attempts were unsuccessful.
If a defendant is prejudiced by the absence of a portion of the trial transcript through no fault of his own, and the missing transcript is necessary for a complete review of the case, the defendant is entitled to receive a new trial. Pepitone v. State, 846 So.2d 640 (Fla. 2d DCA 2003). Accord Greer v. S.V.T., Inc., 913 So.2d 1275 (Fla. 5th DCA 2005).
Meaningful appellate review of the trial court’s denial of the defendant’s motion for a mistrial is not possible based on the record provided to us. Therefore, the defendant’s judgment and sentence must be reversed, and this matter remanded for a new trial.
REVERSED and REMANDED.
SAWAYA and MONACO, JJ., concur.

. See § 316.193(3), Fla. Stat. (2003).