922 So.2d 331 (2006)
James RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4228.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
*332 Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
James Richardson timely appeals his conviction for attempted burglary, a lesser included offense of the charged burglary with a battery, arguing that (1) the jury should not have been instructed on the crime of attempted burglary; (2) the inclusion of the "remaining in" language in the burglary instruction was error; (3) the evidence was insufficient to sustain the jury's verdict, which verdict was contrary to the weight of the evidence; and (4) improper remarks by the prosecutor during closing compel reversal. We reject Richardson's arguments concerning the inclusion of the "remaining in" language and the sufficiency and weight of the evidence. We find merit, though, in his claims concerning the attempt instruction and the remarks made during closing, and write to address these issues.

The Evidence
The essential facts are summarized as follows. The State's case against Richardson was predicated largely upon the testimony of Michael Maloney, a property manager responsible for the day-to-day maintenance and supervision of a building located at 600 South Andrews Avenue. The building's tenants are primarily attorneys. On Sunday, May 12th, Maloney discovered Richardson standing in the office of attorney Deborah Carpenter-Toye and rifling through her desk with a satchel in his hand. The building, and the attorney's office, was closed at the time. Maloney asked the man what he was doing. Maloney testified the man stated he was with the management company. When Maloney challenged him, the man fled and, according to Maloney, pushed him as he ran out. Maloney called 911 and, later, attorney Carpenter-Toye.
Ultimately, Richardson was identified as the perpetrator and Maloney picked him *333 out of a photo line-up. Attorney Carpenter-Toye testified that one or two months earlier, she had taken Richardson's deposition in connection with her representation of a client charged with drug trafficking. In investigating the case, Carpenter-Toye discovered Richardson was a confidential informant. According to Carpenter-Toye, during the deposition, Richardson was angry and aggressive due to the fact that his identity had been revealed. In a statement to police, and at trial, Richardson denied any involvement, stating he had just flown into Palm Beach International Airport and was attending a luncheon during the relevant time periods. Richardson called three alibi witnesses at trial to support his defense.

The Attempt Instruction
Richardson was charged with burglary with a battery. After the evidence was presented, the State sought to have the jury instructed on the lesser included offense of attempted burglary. Richardson objected, insisting the evidence presented established either that he was misidentified and did not commit any crime or that he committed the completed crime of burglary. The trial court gave the requested attempt instruction, and the jury convicted Richardson of attempted burglary. Richardson insists that because there was no evidence to support an attempted burglary, the attempted burglary instruction should not have been given to the jury. We agree.
Prior to 1981, the Florida Rules of Criminal Procedure and case law provided that a trial judge was required to give an attempt instruction even where there was no evidence to support an attempt. See Gillespie v. State, 440 So.2d 8, 9 (Fla. 1st DCA 1983). Since that time, however, our supreme court has altered its approach to lesser included offenses, abandoning the four categories set forth in Brown v. State, 206 So.2d 377 (Fla.1968), in favor of a two-category system, necessarily lesser included offenses and permissive lesser included offenses. See In re Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.), amended, 431 So.2d 599 (Fla.1981). In conjunction with the adoption of the schedule categorizing lesser included offenses as necessarily lesser included offenses and permissive lesser included offenses, Florida Rule of Criminal Procedure 3.510 was amended to provide in part as follows:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.

In re Fla. Rules of Criminal Procedure, 403 So.2d 979, 979 (Fla.1981) (emphasis added). The language of rule 3.510(a) has remained virtually unchanged. See Fla. R.Crim. P. 3.510(a).
Given the rule's language, the first step in assessing the propriety of the trial court's giving an attempted burglary instruction is ascertaining whether the evidence presented supported an attempt or, instead, only the commission of a completed crime. Burglary requires "[e]ntering a. . . structure . . . with the intent to commit an offense therein" and becomes a first degree felony "if, in the course of committing the offense, the offender . . . [m]akes an assault or battery upon any person." § 810.02(1)(b), (2)(a), Fla. Stat. (2002). The evidence at trial demonstrated that Maloney entered the building on May 12, 2002, found a man inside Carpenter-Toye's office, rifling through her desk, and that *334 the man shoved or struggled with Maloney in an attempt to flee. Indeed, the only disputed issue was the identity of the perpetrator. Richardson denied any connection whatsoever with the offense. No version of the facts allowed for the conclusion that the perpetrator had attempted entry into the building and/or office and been foiled or interrupted. See § 777.04(1), Fla. Stat. (stating an attempt requires that the defendant take some overt act toward commission of the crime and then "fail[] in the perpetration" or be "intercepted or prevented in the execution thereof"). Thus, the evidence could establish only the completed crime of burglary with a battery or, assuming the jury disbelieved Maloney's testimony regarding the struggle, the completed crime of burglary, or, lastly, assuming the jury disbelieved that Richardson had the intent to commit an offense within the structure, the completed crime of trespass.
Finally, the State argues Richardson should not be heard to complain of the giving of an instruction on attempted burglary and his conviction for such crime where the evidence supports a conviction for the greater charge. As support for this proposition, the State relies upon Jones v. State, 492 So.2d 1124 (Fla. 3d DCA 1986). In Jones, the defendant was found guilty of attempted burglary and appealed, challenging the giving of the attempted burglary instruction. Without expressly deciding whether an attempt instruction was supported by the evidence, the majority refused to afford Jones any relief on appeal.
In reviewing an appeal from the giving of an instruction on an attempt to commit an offense, where an attempt to commit the charged offense is a lesser offense, the inquiry should be whether, in light of all the circumstances, the instruction was so confusing as to prejudice the defendant. Even if we agreed that an attempt instruction was unnecessary on the facts of this case, the record does not reflect, nor does the defendant contend, that the instruction confused or misled the jury.

An accused who is convicted of an attempt as the lesser of a charged offense will not be heard to complain that he should be set free merely because the evidence shows that he was guilty of the greater offense.
492 So.2d at 1126 (emphasis added) (citations omitted).[1]
In Pepitone v. State, 846 So.2d 640 (Fla. 2d DCA 2003), the Second District reached a contrary conclusion, affording the defendant relief without regard to whether the jury was "confused or misled" where the trial court gave an instruction on attempted burglary and there was a total lack of evidence to support that lesser offense. In Pepitone, the owner of condo unit 521 testified he usually left his front door unlocked and, when he went to the bathroom, noticed the defendant coming out of his study. The defendant claimed to be looking for a "Mr. Derino" and, as he left and looked at the door, stated he intended to enter unit 421. Id. at 641. The owner found the drawers in his study had been opened, although nothing was missing. Shortly thereafter, the defendant entered *335 the living room of unit 334, going through the unit's kitchen and bedroom. When the owners confronted the defendant, he indicated he was looking for unit 234. Pepitone was charged with burglarizing unit 521. Over objection, the trial court granted the State's request to have the jury instructed on the lesser included offense of attempted burglary. Following his conviction for the lesser included offense, Pepitone appealed. The Second District began by noting attempted burglary is a category two, permissive lesser included offense and the State is entitled to an instruction on such an offense, over the defendant's objection, only where the pleadings and the evidence support it. See id. at 642. The court found this was not the case as the evidence supported either a completed burglary or a trespass, but not an attempted burglary.
It may be that Mr. Pepitone attempted unsuccessfully to steal something from the study, but it is undisputed that he successfully entered the condominium unit. If he did so with an intent to commit an offense, his crime was a completed burglary. If he did so with no such intent, the crime was trespass. Attempted burglary simply is not a middle ground that exists between these two options in this case.
Id. at 642-43 (citation omitted). The court reversed the defendant's conviction and remanded with instructions that the court enter a judgment of conviction for the lesser included offense of trespass.
We believe the language of rule 3.510(a) and the facts of this case compel the result reached in Pepitone and the conclusion that, here, the jury should not have been instructed on the offense of attempted burglary. Cf. Green v. State, 850 So.2d 597, 599 (Fla. 4th DCA 2003) (holding that although the evidence showed a completed robbery, the jury was properly instructed on the lesser offense of attempted robbery since there was "not a total lack of evidence as to the lesser offense"). We also reject the State's contention that the giving of the instruction can be upheld as a consequence of the jury's pardon power. To the contrary, "`the jury has no right to exercise its `pardon' power if there is no evidence of attempt or of a lesser included offense and no instruction on attempt or lesser included offense should be given in such a situation because it would merely confuse the jury.'" Wilson v. State, 622 So.2d 31, 37 (Fla. 1st DCA 1993) (quoting Gillespie, 440 So.2d at 10), approved, 635 So.2d 16 (Fla.1994).

The Remarks Made During Closing
Richardson takes issue with a significant portion of the remarks made by the prosecutor in his closing. As we find that reversal is necessitated by the giving of the attempt instruction, we decline to recite and address the propriety of each of the many complained-of remarks. Suffice it to say that the prosecutor crossed the line when he made comments like Maloney "obviously isn't lying." See, e.g., Johnson v. State, 801 So.2d 141, 142 (Fla. 4th DCA 2001) ("Although wide latitude is permitted in jury argument, it is improper for an attorney to express a personal opinion as to the credibility of a witness."). In this case, towards the end of the State's rebuttal argument, the judge gave a curative instruction, directing the jury that credibility was a matter for its resolution. In most cases, such an instruction would be sufficient to cure any prejudice. Here, though, Maloney's credibility was everything. Thus, after considering the facts of this particular case, the significance of Maloney's testimony and credibility, and the cumulative effect of the improper comments made by the prosecutor, we find the curative instruction inadequate.
*336 As a consequence of our conclusions that the jury should not have been instructed on the crime of attempted burglary and that the prosecutor made comments during closing expressing his personal opinion regarding the veracity of the State's key witness, we reverse Richardson's conviction. The matter is remanded for a new trial for the offense of trespass since Richardson was impliedly acquitted of the greater offenses of burglary with a battery and burglary. Cf. Pepitone, 846 So.2d at 643; Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).
Reversed and Remanded.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] In a scholarly analysis, Judge Hubbart dissented from that portion of Jones affirming the attempted burglary conviction, concluding that rule 3.510(a) precluded an instruction on attempt where it was not supported by the evidence. See 492 So.2d at 1127-32. In Howard v. State, 538 So.2d 980 (Fla. 3d DCA 1989), then-Chief Judge Schwartz wrote in a specially concurring opinion that although he was bound by stare decisis to follow Jones v. State, Judge Hubbart's dissenting opinion "represents the better reasoned view by far." Id. at 980.