933 So.2d 729 (2006)
Elijah BADGER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-61.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Elijah Badger appeals a final order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand claims two and four for further proceedings.
In claim two appellant argues that trial counsel was ineffective for failing to investigate and call two witnesses at trial. Appellant was convicted of attempted burglary of a conveyance with a battery, possession of cocaine and attempted strong arm robbery. Appellant alleges that the two witnesses would have testified that Badger did not enter the undercover police officer's vehicle willingly but instead the undercover police officer grabbed the defendant and held him at the vehicle until backup arrived.
The state argued that this claim is without merit as the testimony alleged was merely cumulative. We find that the claim sufficiently alleged the identity of the witnesses, their testimony, that the witnesses were available to testify at the trial, and how this lack of testimony prejudiced the outcome of the verdict. Nelson v. State, 875 So.2d 579 (Fla.2004). Furthermore, this alleged testimony would not be cumulative as the jury only heard testimony from the undercover police officer that appellant intentionally entered the vehicle and other witnesses who corroborated the police officer's story. Upon remand the trial court should conduct an evidentiary hearing to determine whether counsel did *730 fail to call these witnesses or whether the failure was due to trial strategy, or should attach records that conclusively refute this claim.
In his fourth claim appellant alleged trial counsel failed to object to the jury instruction on attempted burglary of a conveyance with a battery because the evidence only showed a completed burglary. We find that pursuant to Richardson v. State, 922 So.2d 331 (Fla. 4th DCA 2006), and Pepitone v. State, 846 So.2d 640 (Fla. 2d DCA 2003), this claim has merit and reverse and remand for an evidentiary hearing or the attachment of records that conclusively refute this claim. We affirm as to all other claims.
STEVENSON, C.J., SHAHOOD and HAZOURI, JJ., concur.