GROSS, C.J.
 

 We reverse an attempted burglary conviction because the evidence at trial established a completed offense, so the jury should not have been given the charge of attempted burglary as a lesser included offense over the defendant’s objection.
 

 By a two count information, Darryl Jackson was charged with burglary of a structure and possession of burglary tools. At trial, the evidence showed that the police found Jackson inside an uninhabited duplex that had been boarded up and scheduled for demolition. One of the boards had been removed and a window was broken. Copper wire was on the ground around Jackson’s feet. Drywall had been ripped out. Jackson was wearing a tool belt containing pliers, screw drivers, and a hammer. After his arrest, the police read Jackson his
 
 Miranda
 
 warnings.
 
 See Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Jackson waived his rights and told the
 
 *643
 
 officers that he had been stripping copper wire, which he did not know was illegal. A representative of the building’s owner testified that Jackson did not have permission to be on the property or to salvage copper wire. The owner contracted for the building’s demolition and included salvage value in the contracts.
 

 At the charge conference, the state requested that the trial court instruct the jury on attempted burglary. Jackson, who represented himself at trial, objected and requested that only trespass be charged as a lesser included offense. He argued that attempting “something” in this case was “just like doing it. There’s no lesser offense in that.” During closing, Jackson argued that he had committed a trespass, but not a burglary. After the trial court instructed the jury on attempted burglary, Jackson again objected to the instruction.
 

 The jury found Jackson guilty of attempted burglary, as a lesser included offense, and possession of burglary tools.
 

 Jackson correctly argues that the trial court erred in charging the jury on attempted burglary when there was no evidence to support the attempt.
 

 In pertinent part, Florida Rule of Criminal Procedure 3.510 provides:
 

 On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
 

 (a) an attempt to commit the offense if such attempt is an offense and is supported by the evidence.
 
 The judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense
 
 ....
 

 (Emphasis added). Because of the rule’s express prohibition, the trial court does not have the discretion to instruct on an attempt where the only evidence proves a complete offense.
 
 See Wilson v. State,
 
 635 So.2d 16, 17 (Fla.1994).
 

 “Given the rule’s language, the first step in assessing the propriety of the trial court’s giving an attempted burglary instruction is ascertaining whether the evidence presented supported an attempt or, instead, only the commission of a completed crime.”
 
 Richardson v. State,
 
 922 So.2d 331, 333 (Fla. 4th DCA 2006). Here, the evidence established that Jackson was caught inside the house. The single contested issue was whether he entered the house with the intent to steal something. If his intent was to steal, then a burglary was committed. If Jackson entered just to look around, as he claimed at trial, then he committed a trespass. There was no evidence that Jackson attempted a burglary but did not complete it.
 

 This case is similar to
 
 Pepitone v. State,
 
 846 So.2d 640 (Fla. 2d DCA 2003). There, the evidence was that Pepitone entered an apartment and went through some drawers.
 
 Id.
 
 at 641. Nothing was taken.
 
 Id.
 
 Pepitone objected to an attempted burglary instruction on the ground that the evidence established either a burglary or a trespass.
 
 Id.
 
 The second district held that instructing the jury on attempted burglary was error.
 
 Id.
 
 It explained that,
 

 [njormally, an attempted burglary involves a person who attempts, but fails, to gain entrance to a dwelling, structure, or conveyance.
 
 See, e.g., Smith v. State,
 
 588 So.2d 654 (Fla. 2d DCA 1991);
 
 Cameron v. State,
 
 214 So.2d 370 (Fla. 2d DCA 1968);
 
 Davis v. State,
 
 730 So.2d 837 (Fla. 4th DCA 1999). It may be that Mr. Pepitone attempted unsuccessfully to steal something from the study, but it is undisputed that he successfully entered the condominium unit. If he did so with an intent to commit an offense, his crime was a completed burglary.
 
 See
 
 § 810.02, Fla. Stat. (1999). If
 
 *644
 
 he did so with no such intent, the crime was trespass. Attempted burglary simply is not a middle ground that exists between these two options in this case.
 

 Pepitone,
 
 846 So.2d at 642-43. This case is distinguishable from
 
 Green v. State,
 
 850 So.2d 597 (Fla. 4th DCA 2003), relied upon by the state. In
 
 Green,
 
 unlike in this case, there was not a “total lack of evidence of the lesser offense.”
 
 Id.
 
 at 599 (citation omitted).
 

 As did the second district in
 
 Pepitone,
 
 we reverse the attempted burglary conviction and remand with directions to enter a judgment and sentence for trespass. We find this case to be different than
 
 Richardson,
 
 involving a similar error on an attempt charge, where we remanded for a new trial. In that case, the entire conviction was reversed because of an improper closing argument by the prosecutor, which necessitated the new trial.
 
 Richardson,
 
 922 So.2d at 335-36.
 

 In the other point raised, we find no error under
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973),
 
 approved in Hardwide v. State,
 
 521 So.2d 1071, 1074-75 (Fla.1988).
 

 We reverse the attempted burglary conviction and remand for the trial court to enter a judgment and sentence for trespass.
 

 WARNER and LEVINE, JJ., concur.