PER CURIAM.
Michael Canaday appeals his convictions for lewd and lascivious molestation of a child under sixteen,[1] a second-degree felony, and sexual battery of a child under eighteen by a person in familial or custodial authority,[2] a first-degree felony. The trial judge imposed concurrent sentences of fifteen years and thirty years, respectively. Canaday argues as his sole issue on appeal that the trial court erred by not granting his motion for new trial on grounds that Williams[3] Rule evidence was improperly allowed to become a feature of the trial. As Canaday never sought a new trial on this basis or obtained a ruling on this issue in the trial court, we affirm.
After the jury returned its guilty verdicts on August 29, 2012, defense counsel (Mr. Hines) stated that he wanted to “renew [his] motion for — ”, when the trial judge interrupted him, saying: “We’ll hear that in just a second.” Then, the trial judge proceeded to set a sentencing date for October 1, 2012. The sentencing date was set this far off to allow for preparation of a pre-sentence investigation. After securing consensus on the sentencing date, the judge said: “All right. Mr. Hines, you want to be heard again on your motion?” Mr. Hines responded:
Yes. Judgment of acquittal, your Hon- or. We believe no reasonable jury could have come up with a verdict on the evidence presented.
No other motions were made and no additional argument was presented in support of the motion, which the trial court took under advisement. As an aside, we note that the victim’s trial testimony was clearly sufficient to support the verdict, as the trial judge had already ruled in denying the initial motion for judgment of acquittal, made at the close of the State’s evidence, and again when denying a renewed motion for judgment of acquittal at the close of all evidence.
Then, on October 1, 2012, trial counsel appeared at the sentencing hearing with a document styled Memorandum of Law in Support of Counsel’s Oral Motion for a New Trial. In a short, introductory section of this document, under the heading “Overview of the Case,” counsel stated:
*617 At the conclusion the trial [sic], counsel for the Defendant, Michael P. Hines, made an oral motion to the Court requesting a new trial based on the fact that the jury’s verdict was inconsistent ■with the weight of the evidence, the sufficiency of the evidence presented was legally inadequate to justify the verdict, and that the Williams Rule evidence became a feature of the trial.
Although we assume that this misstatement was simply the product of a faulty memory, it was none-the-less pure fiction — as Mr. Hines had never stated that he was making an oral motion for new trial, and had only argued the sufficiency of the evidence in the oral motion that he made after the jury returned its verdicts. More importantly, in the substantive section of the October 1 memorandum (under the heading “Applicable Law”), which immediately followed the introductory paragraphs, defense counsel simply set forth the legal standard applicable to a judge’s review of the sufficiency of the evidence, along with an explanation of the trial court’s role in considering the weight of the evidence in connection with a motion for new trial. The memorandum itself did not present any argument relating to Williams Rule evidence, or even allude to the issue. When the trial judge gave counsel an additional opportunity to present argument in support of his motion at the sentencing hearing, counsel only discussed the trial judge’s ability to consider the weight of the evidence — urging the judge to order a new trial on grounds that the verdict was inconsistent with the weight of the evidence. He never once mentioned Williams Rule evidence. After argument from both sides on the weight of the evidence issue, the judge announced his ruling as follows:
All right. Mr. Hines, thank you for your thoughtful and concise motion. However, this really comes down to who the jury believed, and from my perspective I do not believe that the verdict is contrary to the weight of the evidence. There was plenty of evidence for the jury to make the appropriate finding based on what their finding was. So this motion is going to be denied. So at this time are we ready to move on to sentencing?
Both parties then agreed that they were ready to proceed to sentencing, and the post-trial motion was never discussed again.
“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” Brown v. State, 856 So.2d 1116, 1117 (Fla. 4th DCA 2003) (internal quotations and citation omitted). Here, defense counsel neither orally moved for a new trial nor timely filed a motion for new trial. See Fla. R.Crim. P. 3.590 (requiring that a motion for new trial either be made orally, on the record, upon announcement of a verdict or filed within ten days after rendition of the verdict). Given the timing, we recognize that counsel’s oral motion made after the return of verdicts was probably intended as a motion for new trial, even though counsel said that he was renewing his prior motions for judgment of acquittal. But, even if we were to treat the oral motion as a motion for new trial, the record is clear that counsel only argued the sufficiency of the evidence, never once mentioning any other basis for relief. Rule 3.590(a) allows a defendant to amend a timely motion for new trial to state new grounds, without leave of court, only if the amended motion is made “prior to the expiration of the 10 day period[.]” Counsel’s memorandum in this case was filed well after expiration of the ten day period *618 and did not expressly seek leave of court to add new grounds. Although it might be inferred that counsel was seeking leave of court to treat his prior oral motion as a motion for new trial, and further seeking leave of court to add an untimely weight of the evidence argument, the memorandum offered absolutely no argument in support of the contention now argued on appeal that Williams Rule evidence was improperly allowed to become a feature of the trial. Then, when counsel was given an open forum to argue in support of the motion, he argued only the weight of the evidence. Finally, the court’s ruling clearly addressed only this argument, and counsel never sought a ruling on any other basis. Thus, we conclude that the only issue raised on appeal was not preserved, and affirm.
AFFIRMED.
SAWAYA, ORFINGER and LAWSON, JJ., concur.

. See § 800.04(5)(c)2„ Fla. Stat. (2004).

. See § 794.01 l(8)(b), Fla. Stat. (2004)

. Williams v. State, 110 So.2d 654 (Fla.1959).